```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

KRISTEN FRATTALLONE,

      Plaintiff,

v.                                    Case No. 8:14-cv-2818-T-33TBM

BLACK DIAMOND COATING, INC,
ET AL.,

      Defendants.
_____/

### ORDER REFERRING CASE TO MEDIATION

As described in Chapter Nine of the Rules of the United States District Court for the Middle District of Florida:

(a) This case is referred to mediation. The Court appoints Mark A. Hanley, of Glenn Rasmussen, Fogarty & Hooker, PA, P.O. Box 3333, Tampa, Florida 33601, (813)-229-3333, as mediator.

(b) Conduct of Mediation Conference: The mediation shall be conducted as outlined in this Order and Chapter Nine of the Local Rules.

(c) Scheduling Mediation Conference: The mediation shall be conducted on or before **February 25, 2015.**

(d) Designation and Responsibility of Lead Counsel: **Luis Cabassa** is designated as lead counsel and shall consult both the mediator and other counsel to coordinate the date

and time of the mediation. Within twenty days of this Order, lead counsel shall file a Notice of Mediation with the Clerk giving the agreed date and time of mediation. Once scheduled, the agreed date for the mediation conference shall operate as the mediation deadline in lieu of the date set forth in paragraph (c) above. Extension of the mediation deadline requires leave of Court. Before moving for an extension of the mediation deadline, the movant shall consult with both the mediator and opposing counsel to determine an agreed date and time for the mediation, if rescheduled. In accord with Local Rule 3.01(g), a motion for an extension of the mediation deadline shall include, along with the proposed mediation date and time, a statement certifying that the movant has conferred with opposing counsel and stating whether counsel agree on the resolution of the motion. Because the Court expects diligence and good faith from the parties, a motion for extension of the mediation deadline is increasingly disfavored as the mediation deadline approaches.

(e) General Rules Governing the Mediation Conference: Although mediation is defined in greater detail in Chapter Nine of the Local Rules, the following additional guidelines are imposed upon the mediation:

(1) Not later than five working days prior to the scheduled mediation conference, each party shall email directly to the Mediator the documents described in paragraphs 1 through 3 of the FLSA Scheduling Order.

(2) Authority of the Mediator: The Mediator shall have the authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate and municipal representatives and claims professionals, to suggest alternatives, analyze issues, question perceptions, stimulate negotiations, and keep order.  The mediation shall continue until adjourned by the mediator.  No participant may compel the early conclusion of a mediation because of travel plans or other engagements.  Only the mediator may declare an impasse or end the mediation.  In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to the scheduled mediation.

(3) Authority to Declare Impasse: Although the average mediation usually takes between 3-5 hours, participants shall be prepared to remain until the mediator declares an impasse.

(4) Attendance: The Court directs that all counsel, parties, corporate representatives, and any other required claims professionals shall be present at the

mediation conference with full authority to negotiate a settlement. The Court does not allow mediation by telephone or video conference. Personal attendance is required. See Local Rule 9.05(c). Absent extraordinary circumstances, this requirement will not be waived. Any requests with regard to attendance shall be directed to the Court.

(f) Compensation of the Mediator: The Mediator shall be compensated at the Mediator's prevailing hourly rate, which, unless otherwise agreed by counsel, shall be borne equally by all parties and payable immediately upon the conclusion of mediation. The parties shall comply with any reasonable cancellation policy established by the Mediator.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of December, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record