UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTEN FRATTALLONE,

    Plaintiff,

v.                                        Case No. 8:14-cv-2818-T-33TBM

BLACK DIAMOND COATING, INC.,
DWARREN BUSINESS SERVICES, INC.,
d/b/a GULFCOAST PAVER RESTORATION,
JAMES DAVID WARREN, and HEATHER
WARREN,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants, Black Diamond Coating, Inc. ("Black Diamond"), Dwarren Business Services, Inc. d/b/a Gulfcoast Paver Restoration ("Gulfcoast"), James David Warren ("Mr. Warren"), and Heather Warren ("Ms. Warren") (together, all defendants will be referred to as "Defendants"), pursuant to Fed. R. Civ. P. 12(c), hereby move this Court to enter final judgment on the pleadings in its favor and against Plaintiff, Kristen Frattallone ("Plaintiff" or "Frattallone") on all claims raised in Plaintiff's Complaint. Plaintiff has released her claims against Defendants and is thus barred from proceeding with this lawsuit.

### MEMORANDUM OF LAW

**I.    Introduction and Facts Supporting Entry of Judgment.**

Plaintiff was employed by Black Diamond from approximately May 14, 2014, until September 8, 2014. (ECF No. 1, Plaintiff's Complaint, ¶ 16). Toward the end of her

{30038342;1}

employment, Plaintiff claimed she was misclassified by Defendants as an exempt employee under the FLSA and allegedly notified Defendants of that alleged misclassification. (ECF No. 1, Plaintiff's Complaint, ¶¶ 17-18). On or about September 8, 2014, Plaintiff's employment with Black Diamond was terminated. (ECF No. 1, Plaintiff's Complaint, ¶¶ 20-21).

On September 26, 2014, Plaintiff executed a Confidential Settlement & Release Agreement (the "Agreement"). (ECF No. 8, Defendants' Amended Answer, ¶ 16). In the Agreement, the parties agreed to "amicably resolve any and all conflicts between them." (ECF No. 8-1, Ex. A to Defendants' Amended Answer). Plaintiff released all claims that she may have had against Defendants, including any FLSA retaliation claims, and agreed not to file any claims against Defendants or seek to recover any damages against Defendants. (ECF No. 8-1, Exhibit A to Defendants' Amended Answer, ¶ 3). Moreover, Plaintiff agreed that she is not owed any additional compensation or wages, that she will not seek reemployment with Defendants, and that her employment was terminated lawfully. *Id*.

## II. Legal Authority and Argument Supporting Entry of Judgment.

Federal Rule of Civil Procedure 12(c) permits a party after the pleadings are closed – but early enough not to delay trial – to move for judgment on the pleadings. "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC,* 421 F.3d 1227, 1232-33 (11th Cir. 2005) (citing *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002)). In considering a motion for judgment on the pleadings, the Court should accept the facts in the

complaint as true and "view them in the light most favorable to the non-moving party." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

While Defendants dispute many of Plaintiff's factual allegations, it will assume, *solely for the purpose of this Motion for Judgment on the Pleadings,* that Plaintiff's allegations are true, except where those allegations are clearly contradicted by the exhibits attached to Defendants' Answer. Even taking Plaintiff's allegations as true, Defendants are still entitled to judgment as a matter of law because the pleadings and exhibits attached thereto show Plaintiff executed the Agreement and released all claims that she may have had against Defendants, including any FLSA retaliation claims, agreed not to file any claims against Defendants or seek to recover any damages against Defendants, agreed that she will not seek reemployment with Defendants, and agreed that her employment with Black Diamond was terminated lawfully. (See, Exhibit A, ¶3).

Interpreting the meaning of this Contract and this specific paragraph is a matter properly resolved by this Court. *See Pearson v. Church of God*, 478 S.E.2d 849, 853 (S.C. 1996) ("Interpretation of an unambiguous agreement is for the court."); *Watson v. Underwood*, 756 S.E.2d 155, 161 (S.C. Ct. App. 2014) ("Generally, the construction of contracts is a question of law for the court.") (internal quotation omitted). The plain language of the Agreement states that Plaintiff released any and all claims that she may have had against Defendants, including any retaliation claims. Not only that, but she agreed not to file any claims against Defendants or seek to recover any damages against Defendants, and agreed that her employment with Black Diamond was terminated lawfully. As a result, Plaintiff's complaint should be dismissed in its entirety.

Plaintiff may take the position that the Agreement is not binding since court approval has not been obtained. However, "settlement of FLSA retaliation claims (or of non-FLSA claims, for that matter) need not be approved by the District Court." *McQuillan v. H.W.Lochner, Inc.*, No. 6:12-CV-1586-ORL-36, 2013 WL 6184063 at *3 (M.D. Fla. Nov. 25, 2013); *Yost v. Wyndham Vacation Resorts, Inc.,* No. 6:10–cv–1583–Orl–36GJK, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012) (citing *Lynn Foods Stores, Inc. v. United States Dep't of Labor,* 679 F.3d 1350, 1355 (11th Cir.1982), adopted, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012). Indeed, a district court in Kansas examining the language of the FLSA noted

> that § 216(c) requires the Department of Labor to supervise settlements of FLSA wage claims brought under § 216(b), but says nothing regarding supervision of FLSA retaliatory discharge claims, which are brought under § 215(a)(3). *Id.* at 1489. This circumstance caused the court to reason that the plain language of the FLSA and the omission of any reference to supervision of FLSA retaliatory discharge claims in § 216(c) (while specifically referencing FLSA wage claims) supports the conclusion that no supervision of FLSA retaliatory discharge claims is required. *Id.*

*Dorner v. Polsinelli, White, Vardeman & Shalton, P.C.,* 856 F.Supp. 1483 (D. Kan. 1994). *quoted in*, *Hernandez v. Iron Container, LLC*, No. 13-22170-CIV, 2014 WL 633848 at *2 (S.D. Fla. Feb. 18, 2014). As a result, the Court need only find that Plaintiff released any and all claims, including any retaliation claims, that she may have had against Defendants. The Agreement clearly illustrates such a release. Thus, this Court should enter judgment against Plaintiff and for Defendants.

### III.   Defendants are Entitled to Attorneys' Fees and Costs.

According to Paragraph 10 of the Agreement, Plaintiff agreed that "violations of this Agreement will entitle the prevailing party to recover damages, equitable remedies, and

recovery of attorneys' fees and costs."  As discussed *supra*, Plaintiff released any claims that she may have had against Defendants, expressly agreed that she was terminated lawfully, and agreed not to seek any damages, or reemployment, from Defendants.  Plaintiff is barred from bringing the lawsuit, but did so in breach of the Agreement.  Consequently, Defendants request their attorneys' fees and costs pursuant to the Agreement.

## IV.   Conclusion.

Plaintiff's claim of retaliation has been satisfied and released.  Accordingly, based on the Complaint, the Answer, and their respective exhibits, there are no material issues of fact.  A judgment on the pleadings should be granted in favor of defendants as a matter of law.

Accordingly, Defendants, Black Diamond Coating, Inc., Dwarren Business Services, Inc. d/b/a Gulfcoast Paver Restoration, James David Warren, and Heather Warren, respectfully request that the Court enter an Order: (a) entering final judgment for Defendants and against Plaintiff; (b) awarding Defendants their attorneys' fees and costs for this action pursuant to the Confidential Settlement & Release Agreement; and (c) awarding Defendants such other and further relief as the Court deems just and proper.

Dated:  December 15, 2014                    Respectfully submitted,

*/s/ Laura E. Prather*
**LAURA E. PRATHER, B.C.S.**
Florida Bar No.: 870854
**MATTHEW L. RANSDELL**
Florida Bar No.: 0070390
**AKERMAN LLP**
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333

>Facsimile: (813) 223-2837
>Email: laura.prather@akerman.com
>Email: matthew.ransdell@akerman.com
>*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 15, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Luis A. Cabassa, Wenzel Fenton Cabassa, P.A., 1110 N. Florida Ave., Suite 300, Tampa, FL 33602, lcabass@wfclaw.com.

>*/s/ Laure E. Prather*
>Attorney