```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

KRISTEN FRATTALLONE,

        Plaintiff,
v.                                    Case No. 8:14-cv-2818-T-33TBM

BLACK DIAMOND COATING, INC.,
ET AL.,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants Black Diamond Coating, Inc., Dwarren Business Services, Inc. d/b/a Gulfcoast Paver Restoration, James David Warren, and Heather Warren's Motion for Judgment on the Pleadings, filed on December 15, 2014. (Doc. # 11). On January 13, 2015, Plaintiff Kristen Frattallone filed a response in opposition to the Motion. (Doc. # 17). For the reasons that follow, the Motion is denied.

**I.   Background**

On November 12, 2014, Plaintiff filed a one-count Complaint alleging that Defendants terminated her employment in retaliation for her protected activity pursuant to the Fair Labor Standards Act ("FLSA"). (Doc. # 1). Specifically, Plaintiff alleges that she was employed by Defendants from approximately May 13, 2014, to September 8, 2014. (Id. at ¶¶ 15-16). On September 8, 2014, Plaintiff "called out sick." (Id. at ¶ 20). On that same day, Plaintiff complained by

email that she was not being compensated for overtime hours in accordance with the FLSA. (Id.). Immediately thereafter, Defendants blocked Plaintiff's access to work emails and advised Plaintiff not to report to work. (Id. at ¶ 21). Defendants ultimately terminated Plaintiff's employment. (Id.).

On December 12, 2014, Defendants filed a joint Answer, which, among other affirmative defenses, alleged that Plaintiff's FLSA retaliation claim was previously released and is therefore barred. (Doc. # 7 at 4). Defendants attached to their Answer a copy of a Confidential Release & Settlement Agreement ("the Agreement"), which Plaintiff executed on September 26, 2014. (Doc. # 8-1). Specifically, in exchange for $1,508.29, Plaintiff agreed to release "any and all . . . claims," including:

> those arising out of or related to her employment with Company or the separation thereof; any and all claims arising under . . . the Fair Labor Standards Act . . . and any and all state, federal or local laws related to employment terms and conditions, wrongful termination, unpaid wages, tips, minimum wage, overtime, discrimination, harassment, or retaliation[.]

(Id. at 1, ¶ 3).

In their Motion for Judgment on the Pleadings, Defendants argue that judgment is warranted in their favor because the Agreement's release provision bars an FLSA retaliation claim. (See Doc. # 11). The motion is ripe for the Court's review.

2

## II. Legal Standard

A motion for judgment on the pleadings may be granted "when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998) (citations omitted).

A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. Szabo v. Fed. Ins. Co., No. 8:10-cv-02167-T-33MAP, 2011 WL 3875421 (M.D. Fla. Aug. 31, 2011)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

Rule 12(d) instructs that when matters outside of the pleadings are presented to the court on a motion for judgment on the pleadings, the motion must be treated as one for summary judgment. See Fed. R. Civ. P. 12(d). However, the motion "should only be treated as one for summary judgment if

the record is fully developed and the non-moving party was given adequate notice of the court's decision." <u>Jozwiak v. Stryker Corp.</u>, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *4 (M.D. Fla. Feb. 26, 2010)(citations omitted).

"The court has a broad discretion when deciding whether to treat a motion [for judgment on the pleadings] as a motion for summary judgment even though supplementary materials are filed by the parties and the court is not required to take cognizance of them." <u>In re Jet 1 Ctr., Inc.</u>, 319 B.R. 11, 16 (Bankr. M.D. Fla. 2004) (citations omitted); <u>Hagerman v. Cobb County</u>, No. 1:06-CV-02246-JEC, 2008 WL 839803, at *3 (N.D. Ga. Mar. 28, 2008); <u>see</u> <u>also</u> 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1371, at 273 (3d ed. 2004) ("It is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c).").

**III. <u>Analysis</u>**

As an initial matter, both parties cite to materials outside of the pleadings in support of their respective positions. Defendants rely on the terms of the Agreement, which is attached as an exhibit to their Answer (Doc. # 8-1), while Plaintiff references her own affidavit, which is

attached to her Response (Doc. # 17-1).

As to the Agreement, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). However, the Court may only consider a document attached to the pleadings, without converting a Rule 12(c) motion into a motion for summary judgment, if: (1) the document is central to the plaintiff's claim, and (2) the authenticity of the document is not challenged. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Esys Latin Am., Inc. v. Intel Corp., 925 F. Supp. 2d 1306, 1310 (S.D. Fla. 2013).

Plaintiff does not dispute the authenticity of the Agreement, but she does maintain that the Agreement is unrelated to her FLSA retaliation claim. (Doc. # 17 at 1 n.1). The Court agrees. The parties' settlement agreement is not referenced in Plaintiff's Complaint. (See generally Doc. # 1). The Agreement is also not "central" to Plaintiff's FLSA retaliation claim — particularly given that the Agreement was executed after the alleged retaliatory termination occurred. Horsley, 304 F.3d at 1134-35. Rather, the Agreement appears to be "central" only to Defendants' affirmative defenses.

Thus, consideration of the Agreement — as well as Plaintiff's own affidavit — will require conversion of the instant Rule 12(c) Motion into a motion for summary judgment.

5

At this early stage of the litigation, the record is not yet developed. The Court therefore declines to convert Defendants' Rule 12(c) Motion into a motion for summary judgment. Jozwiak, 2010 WL 743834, at *4.

Moreover, even if Defendants' Motion were procedurally proper, Defendants have not met their burden to show that no material facts are in dispute and that judgment is warranted in their favor as a matter of law. Bankers Ins. Co., 137 F.3d at 1295.

As a general rule, "one who agrees to settle his claim cannot subsequently seek both the benefit of the settlement and the opportunity to continue to press the claim he agreed to settle." Kirby v. Dole, 736 F.2d 661, 664 (11th Cir. 1984); Sherrod v. Sch. Bd. of Palm Beach Cnty., 550 F. App'x 809, 812 (11th Cir. 2013) (stating similar principal under Florida contract law). In the Eleventh Circuit, however, an FLSA overtime claim may only be compromised pursuant to: (1) a payment supervised by the Secretary or Labor, or (2) a stipulated judgment entered by a district court. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 (11th Cir. 1982). If private parties enter into an unsupervised settlement of an FLSA overtime claim, a district court may not enforce the settlement agreement. Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1307 (11th Cir. 2013).

In this case, Defendants do not dispute that the Agreement purported to settle an FLSA overtime claim. (<u>See generally</u> Doc. # 11). Nor do Defendants dispute that the Agreement was unsupervised, in contravention of <u>Lynn's Food Stores</u>. (<u>Id.</u>). Defendants instead advance two points: (1) settlement of an FLSA retaliation claim — in contrast to an overtime claim — does not require court approval, and (2) the Agreement "clearly" releases Plaintiff's FLSA retaliation claim. (<u>Id.</u> at 4).

Defendants are correct that the weight of authority holds that FLSA retaliation claims do not require a supervised settlement. <u>See, e.g.</u>, <u>Hernandez v. Iron Container, LLC</u>, No. 13-22170-CIV, 2014 WL 633848, at *2 (S.D. Fla. Feb. 18, 2014); <u>McQuillan v. H.W. Lochner, Inc.</u>, No. 6:12-cv-1586, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013); <u>see also</u> <u>Dorner v. Polsinelli, White, Vardeman & Shalton, P.C.</u>, 856 F. Supp. 1483, 1489 (D. Kan. 1994) (discussing statutory text). Additionally, as Defendants also assert, the Agreement's general release appears to encompass Plaintiff's FLSA retaliation claim, as it covers "any and all claims arising under . . . [the] Fair Labor Standards Act." (Doc. # 8-1 at 1, ¶ 3).

Yet, Defendants fail to address the impact of the purported FLSA overtime settlement on the Agreement as a

7

whole. Under Florida law, an illegal or unenforceable contractual provision may render the entire contract invalid under certain circumstances:

> [T]he authorities hold generally that a contract should be treated as entire when, by a consideration of its terms, nature, and purpose, each and all of its parts appear to be interdependent and common to one another and to the consideration. Stated differently, a contract is indivisible where the entire fulfillment of the contract is contemplated by the parties as the basis of the arrangement. On the other hand, a bilateral contract is severable where the illegal portion of the contract does not go to its essence, and where, with the illegal portion eliminated, there still remains of the contract valid legal promises on one side which are wholly supported by valid legal promises on the other.
>
> Whether a contract is entire or divisible depends upon the intention of the parties. And this is a matter which may be determined by a fair construction of the terms and provisions of the contract itself, and by the subject matter to which it has reference.

Wilderness Country Club P'ship, Ltd. v. Groves, 458 So. 2d 769, 771-72 (Fla. 2d DCA 1984) (internal citations omitted); see also Sherrod, 550 F. App'x at 811-12 (observing that a settlement agreement is construed in accordance with Florida law). Additionally, the inclusion of a severability clause does not require a finding that a contract is divisible.[1]

---

[1] The Agreement contains the following severability clause: "If any portion of this Agreement is void or deemed unenforceable for any reason, the unenforceable portion shall be deemed severed from the remaining portions of this Agreement, which shall otherwise remain in full force." (Doc. # 8-1 at 2, ¶ 7).

J.R.D. Mgm't Corp. v. Dulin, 883 So. 2d 314, 316 (Fla. 4th DCA 2004). The central question remains: "Did the parties give a single assent to the whole transaction, or did they assent separately to several things?" Id.

At this juncture, there is, at the least, an issue of fact as to whether settlement of Plaintiff's FLSA overtime claim formed the "essence" of the Agreement. See Gold, Vann & White, P.A. v. Friedenstab, 831 So. 2d 692, 696 (Fla. 4th DCA 2002) (noting that whether an unenforceable term goes to the "essence or essential purpose of the contract" may present a factual question). On its face, the Agreement suggests that the settlement was, as Plaintiff argues, a settlement regarding back wages, with no separate consideration given for the settlement of an FLSA retaliation claim. (Doc. # 17 at 8-9). For instance, the preamble to the Agreement indicates that the settlement specifically addressed "disputes related to payment of wages." (Doc. 8-1 at 1). The consideration given for the settlement was $1,508.29, less taxable deductions, further suggesting that the amount represented back wages. (Id.).

Defendants thus fail to demonstrate, as a matter of law, that the purported settlement of Plaintiff's FLSA overtime claim is severable from the remainder of the Agreement. As a result, Defendants fail to demonstrate the existence of an

enforceable release, sufficient to bar Plaintiff's retaliation claim.[2]

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion for Judgment on the Pleadings (Doc. # 11) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of February, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

[2] The Court therefore does not confront the related issue of whether Plaintiff's purported release of an FLSA retaliation claim is enforceable under federal common law or state contract law — a point neither party specifically addresses. For instance, the Eleventh Circuit has held that a waiver of certain federal statutory rights must be "knowing and voluntary." See Puentes v. United Parcel Serv., Inc., 86 F.3d 196, 198 (11th Cir. 1996) (Title VII and 42 U.S.C. § 1981 claims); Gormin v. Brown-Forman Corp., 963 F.2d 323, 327 (11th Cir. 1992) (ADEA claim); cf. Kendall v. City of Chesapeake, 174 F.3d 437, 442 (4th Cir. 1999) (declining to address whether the "knowing and voluntary" standard applied to FLSA release). Likewise, to the extent Florida law applies, enforcement of a settlement agreement "is premised upon the assumption that the released claims are those that were contemplated by the agreement." Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So. 2d 306, 315 (Fla. 2000).